[No. 4542.]

## F. BARRANTE *v.* CHARLES GARRATT.

JUDGMENT ON FACTS FOUND.—When an ultimate fact is found, and probative facts are also found, which are not inconsistent with the ultimate fact, the finding as to the ultimate fact is conclusive, and judgment must be rendered in accordance with it.

DAMAGES FOR CONVERSION OF PERSONAL PROPERTY.—In an action for the conversion of personal property, the plaintiff, if he recovers, may elect to take judgment, either for the value of the property at the time of the conversion, with interest from that time, or, where he has prosecuted the action with reasonable diligence, for the highest market value of the property at any time between the conversion and the verdict, without interest, and if he fails to elect, the court may award the damages under either rule.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

In September, 1868, the plaintiff took a lease of five years of certain premises upon the lands of the New Almaden Quicksilver Company, in the county of Santa Clara. After taking the lease, he erected a wooden building on the premises, and used the same in the butchering business. The building cost about eighteen hundred dollars. There was a clause in the lease that the plaintiff was to be permitted to remove from the company's lands, at the expiration of the term, all the buildings he erected thereon. Before the expiration of his lease, in September, 1873, the plaintiff procured an extension of his term until the 1st day of January, 1874. After the 1st of September, 1873, the plaintiff removed to San Jose, a few miles distant from New Almaden. On the 23d of December, 1873, the defendant took possession of the building, and refused to surrender it to the plaintiff, although demand was made before the 1st day of January, 1874. This action was brought to recover damages for the conversion of the building. The court found the following facts in relation to the value of the building:

"16th. The New Almaden Mining Company are the exclusive owners of all the land for a distance of over three miles from the site of this building. The country is very rough and broken. The cost of removing this building from the lands of the company would be more than its value when removed. If the building had been torn down and taken to pieces, the value of the old material would have been one hundred and fifty dollars over the cost of taking it to pieces.

"The value of the building to a person desiring a building of that character, and having the right to maintain and use the same on the place occupied by this building, would have been four hundred dollars.

"The market value of the building, as it was then situated, under the conditions and circumstances above set forth, was, before the 23d of December, and from then to the present time, two hundred dollars.

"To place upon this lot a building of the character, condition and capacity that this was upon the 23d of December, 1873, would cost five hundred dollars."

The court had previously found that the defendant converted the property on the 23d of December, 1873. The conclusions of law from the findings were that the plaintiff was entitled to a judgment for two hundred dollars, and judgment was rendered for that sum, without costs.

The bill of exceptions assigned as errors:

1. The conclusion of law that plaintiff was entitled to judgment for only two hundred dollars.

2. The ordering of judgment for said two hundred dollars.

3. The entering of final judgment for said two hundred dollars, because the said findings of fact show that plaintiff was entitled to judgment for a greater sum than three hundred dollars, and costs of suit.

The plaintiff appealed from the judgment.

*Collins & Burt*, for the Appellant.

*J. R. Love, Jr., and D. W. Herrington,* for the Respondent.

By the Court, RHODES, J.:

The appeal is taken from the judgment alone, and the case is presented upon the pleadings, findings, and a bill of exceptions which does not question the sufficiency of the evidence to sustain the findings. The only question is, whether the proper judgment was entered upon the findings. The court found that the market value of the building, at the time when the defendant took possession of it, and from thence to the time of the trial, was two hundred dollars. The findings also state certain probative facts in respect to the cost of removal of the building; the value of the materials, if it were taken to pieces; its value to a person who had the right to maintain and use it where it then was; and what it would cost to erect such a building at that place; but those probative facts are not necessarily inconsistent with the ultimate fact of the market value of the building, and, therefore, will not overcome or modify it. The finding as to the market value is conclusive, as the sufficiency of the evidence to sustain it is not questioned.

It is urged that the court should have rendered judgment for interest upon the value of the property from the time of the conversion. The measure of damages—or *detriment,* as it is denominated in the Code—for the conversion of personal property, is prescribed by section 3336, Civil Code; and it is declared that it is presumed to be, first, the value of the property at the time of the conversion, with interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and secondly, a fair compensation for the time and money properly expended in pursuit of the property. The bill of exceptions does not show that the plaintiff exercised his option, as provided for in the first subdivision of that section; and the court was therefore at liberty to award the damages under either rule.

Judgment affirmed.