RICHARD TEN'BROECK v. WILLIAM H. ORCHARD and others.

*Pleading—Amendment—Practice.*

It is not the province of a Judge to order the reformation of pleadings to remove defects, though upon application he may permit it to be done ; *Therefore,* where on the trial of an action the Court below declared that the defences were inconsistent and contradictory, and directed the defendant to elect on which one he would rely and amend his answer accordingly ; *Held,* to be error.

(See *Tankard* v. *Tankard, ante,* 54.)

CIVIL ACTION tried at July Special Term, 1878, of CA-BARRUS Superior Court, before *Cox, J.*

The plaintiff in his complaint claims a right to the possession of a tract of land known as the Phœnix gold mine, and alleges that the defendant his tenant refuses to surrender the premises.  He further states that the defendant, as his tenant and agent, has for many years managed the property, collecting rents and other profits and disposing of some of the materials used in the business, and refuses to render any account thereof.  The prayer is for a restitution of the possession, an account of the agency, and for damages.

The defendant, Orchard, denies these charges and says that the Phœnix gold mine company owned the land, and to carry on its mining operations borrowed money and issued bonds to a large amount, and to secure them conveyed the property by a deed in trust to one Joseph Jackson, then the secretary in New York, who subsequently died, and James F. Stagg was substituted as trustee in his stead ; that the defendant became the owner of the bonds, and, the company not being prosperous in their business or able to provide for their debts, the property was on the 13th of May, 1856, sold by the trustee and bought by the plaintiff as agent of and for the benefit of the bond holders and other creditors, and especially for the benefit of the

defendant; that since the sale the plaintiff has repeatedly promised to pay defendant's claim, and that his agent on the 1st of July, 1856, executed to him a note for $1,000, not in discharge, but as collateral security for debts, the evidence of which he had surrendered to the plaintiff.

The defendant further alleges in his answer that in March, 1858, he met the plaintiff in New York, and an agreement was entered into between them whereby the defendant was to be paid $5,000 for his interest, and he was to release to the plaintiff all claim in the property and the company; new machinery was to be put up by the plaintiff for the more effectual working of the mine, and the defendant was to remain in charge and manage the business for a compensation of one fourth of the earnings; and the plaintiff promised to have a written contract prepared embodying all these terms; that a written contract was prepared accordingly, omitting altogether the $5,000 to be paid to defendant, and that the defendant without reading the paper or hearing it read, through the false and fraudulent representations of the plaintiff, was induced to sign the same; that as soon as he made the discovery of the fraud, he complained to the plaintiff who promised as he did at the execution of the writing to correct any departure from their parol agreement.

The defendant further says that he originally acquired possession of the land as agent of said company, and has continued so to act since the sale, and is entitled to be paid for his services. The prayer is for a decree to enforce the trust under which the plaintiff holds the property, to annul the alleged fraudulent contract and set up the parol agreement preceding it; and for a general account and a sale of the property.

Other creditors have been made defendants also, and have filed answers not materially differing from that of their co-defendant. The plaintiff replies denying the allegations

and setting up a defence under the statute of limitations. The foregoing is a summary of what is contained in the answer and sufficient for the proper understanding of the ruling of the Court.

The cause coming on for trial, the plaintiff tendered issues for the jury and the defendant proposed others, when the Judge remarked that he would settle the issues after the evidence was heard, and to this no objection was made. While the trial was in progress, the Court declared that the defences were inconsistent and contradictory, and the defendants must elect on which one they would rely, and the answers would be amended accordingly. Thereupon a juror was withdrawn and a mistrial ordered, from which ruling the defendants appealed.

*Messrs. Wilson & Son*, for plaintiff.
*Mr. W. H. Bailey*, for defendants.

SMITH, C. J. (After stating the case as above:) On examining the answer we do not perceive such repugnancy in the defences as seems to have attracted the animadversion of the Court. The allegations all point to the necessity of an account, and the controverted facts are mostly if not altogether connected with, and necessary to be settled in order to the proper taking of the account and the ascertainment of the equities involved in it. But if such repugnancy is to be found in the answer, we know of no principle or rule of law which authorizes an order for its reformation. Pleadings are prepared by counsel, and upon him rests the responsibility for imperfections which may render them unserviceable to the client. It is not the province of the Judge to order a correction of errors or the removal of defects, though on application he may permit this to be done. But inconsistent defences in an answer are not obnoxious to criticism when properly and distinctly set out. Incompati-

ble pleas were admissible under our former system, and a defendant could deny the plaintiff's claim and at the same time insist on its being paid, or the bar of the statute of limitations ; so now, he may by the express words of the statute, " set forth by answer as many defences and counter claims as he may have, whether they be such as have heretofore been denominated legal or equitable, or both." C. C. P., § 102.

We presume the absence of previously prepared and clearly defined issues introduced confusion at the trial, to remove which the order was inadvertently made.   There is error in the ruling of the Court, and the cause is remanded to the end that further proceedings be had in the Superior Court according to law.

Error.    ·    Judgment reversed and cause remanded.