[No. 5,931.]

KELLY v. McKIBBEN.

REPLEVIN—JUDGMENT—FINDINGS—MAXIM.—In an action to recover possession of personal property, a reference in the judgment to the findings, and in the findings to the complaint for a description of the property, is inexcusably circuitous, but the description is not uncertain. *Certum est quod certum reddi potest.*

ID.—ID.—ID.—AMENDED COMPLAINT.—Such reference is to the amended complaint, if there be one.

ID.—DAMAGES.—If the findings in such an action state the value of the property, and the date of the taking, the plaintiff is entitled to interest on such value as damages, without a special finding to that effect; but he is not entitled to recover the money expended by him in pursuit of the property.

ID.—ID.—DETINUE—TROVER.—The distinction between an action to recover possession of personal property, with damages for its detention, and one to recover damages for its wrongful conversion, is as broad as between the common-law actions of *detinue* and *trover.* In the latter case the rule of damages is prescribed by § 3336 Civil Code, and in the former by § 667 Code of Civil Procedure.

JUDGMENT ROLL—MEMORANDUM OF COSTS.—The memorandum of costs forms no part of the judgment roll, and the Court having only the judgment roll before it, cannot review an order to retax costs.

APPEAL from a judgment for the plaintiff, and from an order refusing to retax costs, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The judgment is for the return of the property described in the findings, or if such return cannot be had, then for damages in the sum of $849, with legal interest on $699, a portion thereof, (being the value of the property) from the time of the taking, and for costs. The property is described in the findings as being that mentioned in the complaint—there being an amended complaint in the action. The value of the property at the time of the taking is found to be $699, and it is also found that plaintiff had properly expended, in the pursuit of the property, $150—the two sums making the aggregate sum of $849—the amount named as damages in the judgment.

The other facts are stated in the opinion.

*Mogan & Sullivan*, for Appellant.

*D. T. Sullivan*, for Respondent.

Department No. 2, by the COURT:

. The judgment in this case can be so modified as to make it conform to the requirements of § 667 of the Code of Civil Procedure. To accomplish this, no other guide than the plain provisions of that section and the findings on file will be necessary.

The mode of describing the property recovered in the judgment is not one that we can conscientiously recommend as a precedent. But the description is not uncertain. *Certum est quod certum reddi potest.* The reference in the judgment to the finding, and in the finding to the complaint, for a description of the property, is inexcusably circuitous, but not ambiguous. There is but one complaint in the action. When the amended complaint was filed, the original ceased to be the complaint in the case. It was superseded by the amended complaint. (*Barber* v. *Reynolds*, 33 Cal. 497.) The reference, therefore, is unmistakably to the amended complaint. We do not think that

any intelligent person will experience any insurmountable diffi-
culty in segregating the articles enumerated in the first finding
from those specified in the complaint.

The fourth finding is clearly erroneous. The plaintiff was
entitled to damages for the detention of the property, and not
for the money by him expended in the pursuit of and endeav-
oring to regain it. It was error to include in the judgment the
sum of $150 so found to have been expended.

Interest is allowed in the judgment upon the value of the
property from the time it was taken from the possession of the
plaintiff by the defendant. As no other damages for the de-
tention are found or included in the judgment, we think that
such interest may be regarded as damages for said detention.
(*Freeborn* v. *Norcross*, 49 Cal. 313.)

This appeal is from the judgment, and as we have only the
judgment roll before us, we cannot review the order denying
the motion to retax costs. The memorandum of costs consti-
tutes no part of the judgment roll.

Cause remanded to the Superior Court of the City and
County of San Francisco, with directions to modify the judg-
ment so that the plaintiff recover $775.80, with legal interest
thereon from the date of the judgment, and that said judgment,
in other respects, be made to conform to the views herein ex-
pressed.

On Petition for Rehearing—by the Court, SHARPSTEIN, J.:

Since the opinion in this case was filed, it has been suggested
to us by the counsel for respondent that we must have over-
looked or not duly considered § 3336 of the Civil Code, and
also *Barrante* v. *Garratt*, 50 Cal. 112. We certainly did not
overlook that section of the Civil Code, but thought then, as
we still think, that it was not applicable to this case. This is
an action to recover specific personal property. An inspection
of the complaint cannot fail to impress that upon the mind of
counsel. The plaintiff alleges that the defendant unlawfully
took and unlawfully detains the property of the plaintiff, and
demands judgment for a return of it. Section 627 of the Code

of Civil Procedure specifies what the verdict shall be in such a case; and § 667 of the same Code provides that, "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or value thereof, in case a delivery cannot be had, and damages for the detention."

The distinction between this action and one to recover damages for the wrongful conversion of personal property, is just as broad as that between the common-law actions of *detinue* and *trover*. A good pleader, under the Code, would never confound the two causes of action. One lies for the recovery of the property itself, with damages for the wrongful detention of it, the other for the recovery of damages for the wrongful conversion of it. In the former case the judgment must be for the possession of the property, if a delivery can be had, or for the value thereof, if a delivery cannot be had, with damages for the detention, in either case. If § 3336 of the Civil Code applies to this action, then the plaintiff, in case a delivery of the property *can be had*, is entitled to recover in addition thereto its value at the time of the detention becoming unlawful, with interest from that time, and a fair compensation for the time and money properly expended in the pursuit of the property; because, in an action for the recovery of personal property, the damages, whether a delivery can be had or not, must be "for the detention," and if that section of the Civil Code supplies the rule for measuring the damages for such detention, the value of the property must be included in any event. If the Legislature intended to provide a rule which should only apply to cases in which a delivery could not be had, it has failed to express that intention. As the provision of the Civil Code now stands, it applies to actions for the recovery of damages for the wrongful conversion of personal property, and not to actions for the recovery of personal property wrongfully detained.

If *Barrante* v. *Garratt, supra,* is correctly reported, our views are not in conflict with the opinion delivered in that case. That action is stated to have been "brought to recover damages for the conversion of the building." That is very different from an action to recover the building itself. We are, there-

fore, unable to discover any good reason for modifying our former opinion and judgment.

Motion denied.

MYRICK, J., and THORNTON, P. J., concurred.