[No. 15174. Department One.—December 21, 1893.]

## ORIVILLE E. COLLINS ET AL., APPELLANTS, v. ANGELIA R. SCOTT ET AL., RESPONDENTS.

PLEADING—AMENDMENT OF COMPLAINT—WAIVER OF ERROR.—Where an amended complaint is filed after the action of the court in striking out portions of the original complaint, the error, if any, in the order striking out, is thereby waived.

ID.—AMENDED COMPLAINT—SUPERSEDING ORIGINAL.—An original complaint is superseded by the amended, and thenceforth fills no office as a pleading, except as evidence of the date at which suit is brought and for a few other purposes.

ID.—HOMESTEAD UPON COMMUNITY PROPERTY—SUCCESSION.—A homestead declared upon community property becomes, upon the death of the husband, the sole property of the surviving wife, and the heirs at law of the deceased husband acquire no interest in it by succession.

ID.—MORTGAGE UPON HOMESTEAD—PERSONAL CONTRACT OF MORTGAGEE WITH WIFE AND CHILDREN—DEFENSE TO FORECLOSURE.—Where the mortgagee of community property upon which a homestead has been declared induces the wife to unite in the execution of the mortgage, by a promise that in the event of any action to foreclose and sell the mortgaged premises, he would set apart and convey to the wife and her children a quantity of land of a specified value, to be secured and conveyed as a homestead for their benefit either out of the mortgaged premises or elsewhere in a specified locality, without incorporating the agreement in the mortgage, such promise is personal to the wife and her children, and creates no lien in their favor upon the mortgaged premises, and constitutes no defense to an action to foreclose the mortgage, but gives only a right of action at law for its breach.

ID.—PARTIES TO FORECLOSURE.—Heirs at law of the mortgagor are not necessary parties to an action to foreclose a mortgage.

ID.—FRAUD—RELIEF AGAINST DECREE.—To entitle the defendant to relief against a decree on the ground of fraud it must appear that he had a good defense on the merits, and that such defense had been lost to him without fault on his part.

ID.—VACATION OF FORECLOSURE DECREE—REPRESENTATIONS BY MORTGAGEE TO WIDOW AND CHILDREN.—Representations by such mortgagee, made to the administrator of the deceased husband and to the attorneys appointed to represent the children, that there was no defense to the action to foreclose the mortgage, whereby they were prevented from setting up the agreement in the foreclosure proceeding, do not constitute fraud upon the part of the mortgagee, and do not entitle the children to set aside the foreclosure decree.

ID.—BILL TO REDEEM.—The title to the homestead having vested in the mother upon the death of the father, no equity of redemption vested in the children, and they cannot maintain a bill to redeem from the mortgagee after he has obtained title under the foreclosure sale.

ID.—STATUTORY BAR OF REDEMPTION.—The statutory right to redeem from a foreclosure sale possessed by parties to the action is restricted to the six months provided by the statute; and the provisions of section 346 of the Code of Civil Procedure, allowing an action to redeem from a mortgage, unless there has been an adverse possession for five years, applies only to cases where there has been no foreclosure of the mortgage and equity of redemption; and no such right remains after the expiration of the six months from the sale under foreclosure, except where some fraud has intervened rendering the decree and sales voidable.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*Henry E. Highton,* for Appellants.

*Galpin & Zeigler,* for Respondents.

SEARLS, C.   This action is brought to procure a vacation, as to the plaintiffs, of a judgment of foreclosure, and all proceedings thereunder, including a sale of the mortgaged premises, to have a certificate of sale and a sheriff's deed declared void, for an accounting by the purchaser and his successor in interest of the rents and profits, and for a decree allowing plaintiffs to redeem the undivided three-tenths of said mortgaged premises on paying a like three-tenths of the amount found due upon an accounting on said mortgage, etc.

A demurrer was interposed to the amended complaint

of plaintiffs, which was sustained by the court; and upon plaintiff's failure to amend, final judgment was entered in favor of the defendants, from which judgment plaintiffs appeal.

There is a bill of exceptions in the record, taken to the action of the court in striking out portions of the original complaint, but as an amended complaint was subsequently filed, the error, if any, in the order striking out was thereby waived. Were it otherwise, the portion stricken out is substantially inserted, and at greater length, in the amended complaint.

The demurrer was based upon a failure of the amended complaint to state facts sufficient to constitute a cause of action, and this is the only question presented for consideration.

The following synopsis of the allegations of the complaint are deemed sufficient to illustrate its salient points:

On the twelfth day of January, 1877, Lemuel P. Collins and Cymantha O. Collins, his wife, executed to Salvin P. Collins a mortgage upon two parcels of land situate in Santa Clara county, to secure the payment by Lemuel P. Collins to said Salvin P. Collins, mortgagee, of ten thousand dollars, with interest at one per cent per month from date, and payable on or before January 12, 1878.

The mortgaged property was community property of the mortgagors Lemuel P. Collins and Cymantha O. Collins, his wife, a homestead having been duly declared thereon under and by virtue of the laws of the state of California.

Cymantha O. Collins was possessed of separate estate and property, and in purchasing the land mortgaged Lemuel P. Collins, her husband, had used over five thousand dollars of his said wife's funds in paying the purchase price of said land, for which sum he was indebted to her at the date of the mortgage.

Salvin P. Collins, the mortgagee, knew the foregoing facts, and for the purpose of inducing Cymantha O. Collins, the wife, to unite in the execution of the mortgage,

and for her benefit and for the benefit of the children, of herself and of her husband, at and immediately before the execution of the mortgage, promised and agreed with the mortgagors and their children that if she, the said Cymantha, would unite in the execution of the mortgage to him, he would, in the event of an action to foreclose and sell the mortgaged premises, set apart and convey to the said Cymantha and her children a sufficient quantity of the mortgaged land, or land in some other part of the county of Santa Clara, in or near to San Jose, to an amount in value of not less than two thousand dollars to be secured and conveyed as a homestead for said Cymantha O. Collins and her children, and for their use and benefit.

This has not been done. Lemuel P. Collins died intestate on the twenty-seventh day of May, 1879, leaving as heirs Cymantha O. Collins, his wife, and the plaintiffs herein, their children, all then infants, and two daughters by a former marriage.

On or about July 12, 1879, Salvin P. Collins, the mortgagee, procured one John T. Bury to be appointed administrator of the estate of Lemuel P. Collins, deceased, and with the fraudulent intent of avoiding his said agreement in regard to a conveyance of the value of two thousand dollars, and without the knowledge of plaintiffs, who were infants, falsely represented to the administrator that there was no defense to his mortgage, and thereupon brought an action to foreclose said mortgage.

It is further charged that with like fraudulent intent he procured one Charles F. Wilcox, an attorney at law, to be appointed, and to appear as an attorney for the infant plaintiffs herein, and for their brother now deceased, to whom he made like declarations, and the administrator and attorney, believing the representations to be true, made no defense to an action which said Salvin P. Collins brought to foreclose his mortgage, and judgment of foreclosure was entered in favor of plaintiff and against the infant children, who, it is to be

C. CAL.—29

inferred, were, but who are not directly stated to have been, made defendants in the action.

On the seventeenth day of February, 1880, an order of sale issued in the foreclosure proceedings, under which the mortgaged premises were sold on the fifteenth day of March, 1880, and purchased by Salvin P. Collins, the mortgagee, for the amount found due him under his judgment of foreclosure, who received a certificate of sale, and thereafter and on the twentieth day of September, 1880, a deed of the premises.

Plaintiffs knew nothing of the foreclosure proceedings, and had no opportunity to redeem from the foreclosure sale or to enforce the agreement made by Salvin P. Collins.

Said Salvin P. Collins, upon receiving a sheriff's deed, entered into possession of the premises, and he and his successors in interest have received since that date the rents and profits thereof.

Salvin P. Collins departed this life August 28, 1884, leaving a last will whereby the premises in question were devised to his wife, and such proceedings were had that in September, 1885, the property was distributed to his widow, who has intermarried with Emerson W. Scott, and they are husband and wife and the defendants in this action.

One of the children of Lemuel P. Collins and Cymantha O. Collins, L. P. Collins, died under age, and said Cymantha has been duly appointed his administratrix, as well as guardian of John A. Collins, who is under the age of twenty-one years.

The whole question of the sufficiency of the amended complaint must turn upon the rights acquired by plaintiffs under the agreement made at and immediately before the execution and delivery of the mortgage.

A homestead having been declared upon the community property prior to the execution of the mortgage, when Lemuel P. Collins, the husband of Cymantha O. Collins, died on the twenty-seventh day of May, 1879, the homestead became the sole property of his surviving

wife.   (Civil Code, sec. 1265; *Sanders* v. *Russell*, 86 Cal.
119; 21 Am. St. Rep. 26; *Mawson* v. *Mawson,* 50 Cal. 539;
*Estate of Headen,* 52 Cal. 295; *Gagliardo* v. *Dumont,* 54
Cal. 496; *Herrold* v. *Reen,* 58 Cal. 443; *Rich* v. *Tubbs,*
41 Cal. 34; *Watson* v. *His Creditors,* 58 Cal. 556.)

These remarks are indulged for the purpose of show-
ing that the plaintiffs here acquired no interest in the
property in question by succession as the heirs at law
of their deceased father, and can only rely upon the
agreement in support of their cause of action.

This agreement may be succintly stated thus: In con-
sideration of Cymantha O. Collins executing with her
husband a mortgage upon their homestead, Salvin P.
Collins, the mortgagee, promised them and their chil-
dren that in the event of an action to foreclose and sell
the mortgaged premises he would set aside and convey
to Cymantha and her children land of the value of
two thousand dollars, either out of the mortgaged
premises or elsewhere in the county, in or near San
Jose, as and for a homestead.

There is no suggestion that this agreement was
incorporated in or made any part of the mortgage.

It was not a promise whereby a lien was created upon
the mortgaged premises, for the reason among others
that it was not a promise to convey a portion of the
mortgaged premises, but left it optional to convey such
portion or other land at the option of the promissor.

It was a promise to other parties than those included
in the mortgage; an agreement for the benefit of the
mother and her children.   It was a personal promise
to plaintiffs and their mother, having no relation to the
mortgage except that the execution of the latter consti-
tuted the consideration for it.

If the offer to convey was a part of the negotiations
leading up to the execution of the mortgage and a part
of the mortgage contract, then we must presume it was
all merged in the written mortgage as executed, and
that that instrument contains the final determination
of the parties, but this theory is not in accord with the

allegations of the complaint or the contention of appellant.

That contention is that the agreement was separate and distinct from the mortgage, but constituted a defense to it which by the fraudulent representations of the mortgagee they were prevented from setting up in the foreclosure proceedings.

We cannot concur in this view, but regard the agreement, if a valid one, as giving to the plaintiffs upon its breach a right to an action at law. Their right was not to defeat a foreclosure but to have a conveyance of land of the value of at least two thousand dollars. This right was not a condition precedent to the mortgagee's right to a foreclosure, but a right to enforce which they had a plain, speedy, and adequate remedy at law.

As heirs at law of the mortgagor, Lemuel P. Collins, these plaintiffs were not necessary parties to the action to foreclose (*Bayly* v. *Muehe*, 65 Cal. 345; *Monterey Co.* v. *Cushing*, 83 Cal. 507), and whether or not they were made parties defendant in that action is of no moment.

To entitle a defendant to relief against a judgment or decree on the ground of fraud it must appear that he had a good defense on the merits, and that such defense has been lost to him without fault on his part. (Freeman on Judgments, 4th ed., sec. 486; *People* v. *Rains*, 23 Cal. 128; *Harnish* v. *Bramer*, 71 Cal. 155; *Gregory* v. *Ford*, 14 Cal. 139; 73 Am. Dec. 639; *Gibbons* v. *Scott*, 15 Cal. 285; *Logan* v. *Hillegass*, 16 Cal. 201.)

If we are correct in our conclusion that the agreement on the part of the mortgagee to convey land to plaintiffs and their mother was an independent contract, then the facts as stated in the complaint showed no fraud upon the part of the mortgagee in representing to the administrator and to the attorney of plaintiffs that there was no defense to the action to foreclose. On the contrary, we think he formed and stated a correct conclusion; and treated as advice it was sound and salutary. Treated as a bill to redeem, and the complaint cannot be sustained.

1. As the title to the homestead vested in the mother of the plaintiffs upon the death of their father, and no equity of redemption vested in them.

2. The statutory right to redeem was in the administrator or the mother, or in both, and was restricted to the six months provided by the statute. (Code Civ. Proc., sec. 702.) The cases of *Hall* v. *Arnott*, 80 Cal. 348; *Warder* v. *Enslen*, 73 Cal. 291; and *Raynor* v. *Drew*, 72 Cal. 311, cited by appellant, were all cases in which no foreclosure had been had, and hence cases in which there was no statutory bar to the action.

No doubt an action to redeem a mortgage of real property, with or without an account of the rents and profits, may be brought by the mortgagor or those claiming under him against the mortgagee or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage, as contended by appellant. (Code Civ. Proc., sec. 346; *De Cazara* v. *Orena*, 80 Cal. 132.)

This section of the code applies, however, to cases in which there has been no foreclosure of the mortgage and equity of redemption; and where as in the present case there has been a foreclosure valid against the interests of the infant plaintiffs (if any they had) by making the administrator of the estate, during the pendency of administration proceedings, a party defendant, no such right remains after the expiration of six months from the sale under the foreclosure proceedings, except in those cases in which some fraud has intervened rendering the decree and sale thereunder voidable.

The original complaint in the cause is set out in the record, and is referred to by counsel for appellants in his brief.

It was superseded by the amended complaint upon which the judgment appealed from was rendered, and thenceforth filled no office as a pleading.

As evidence of the date at which suit is brought and for a few other purposes, such a pleading may some

times be properly used. (*Gilman* v. *Cosgrove*, 22 Cal. 357; *Barber* v. *Reynolds*, 33 Cal. 497; *Kelly* v. *McKibben*, 54 Cal. 192; *Kentfield* v. *Hayes*, 57 Cal. 409; *Johnson* v. *Powers*, 65 Cal. 179.)

The judgment appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.

Hearing in Bank denied.