[Civ. No. 3219.   First Appellate District, Division One.—March 2, 1920.]

JOHN C. ROSS et al., Appellants, v. JOHN H. FLYNN et al., Respondents.

[1] PLEADING — FILING AMENDED COMPLAINT — VACATING PREVIOUS ORDER—POWER OF COURT.—Where, on motion properly noticed, the trial court grants the plaintiffs leave to file an amended complaint changing their cause of action from one in claim and delivery to one in conversion, and, after issue joined, the cause is tried and submitted for decision, the trial court has not the power, of its own motion and without notice to the plaintiffs, to strike the amended complaint from the files and order the cause to stand

submitted upon the original complaint and answers thereto, notwithstanding the order granting leave to file the amended complaint was inadvertently made and such amended complaint should not have been filed.

[2] Id.—Amended Complaint—Original Complaint Superseded by.—When the amended complaint for conversion was filed, in pursuance of the permission granted by the trial court, the original complaint in claim and delivery ceased to be the complaint in the case, and the action became strictly one in conversion.

[3] Id.—Limit on Power of Court.—The power of the court to vacate, without notice, an order previously made in an action is limited by section 937 of the Code of Civil Procedure to such orders as the judge has made without notice in the first instance.

[4] Appeal — Striking Out Amended Complaint — Exception — Review.—The order striking the amended complaint from the files and submitting the cause upon the original complaint and answers was one deemed excepted to under section 647 of the Code of Civil Procedure, and as it necessarily affected the judgment entered upon such original complaint, it may be reviewed upon appeal from that judgment.

APPEAL from a judgment of the Superior Court of San Mateo County. Geo. H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Courtney L. Moore for Appellants.

Joseph J. Bullock for Respondents.

WASTE, P. J.—The plaintiff has appealed from a judgment in its own favor, seeking a review of an order of the lower court striking its amended complaint from the files, and directing the entry of judgment as prayed for in the original complaint.

[1] The plaintiff first filed a complaint in claim and delivery and the defendants answered separately. Thereafter the plaintiff gave notice of motion for permission to file an amended complaint changing its cause of action to one in conversion, and praying for damages therefor. On the hearing the court, over the objection of the defendants, granted the motion. Counsel for the respective parties then stipulated that the answers on file be considered as answers to the complaint as amended, and on the issues thus presented the action was tried. Both oral and documentary

evidence was introduced in support of the allegations of the amended complaint, and the cause was submitted for decision. Thereupon the court, by an order entered on the minutes, directed that judgment be entered in favor of the plaintiff.

Before any findings were filed, and judgment thereon entered, the court, of its own motion, and without notice to the plaintiff, struck the amended complaint from the files and ordered the cause to stand submitted upon the original complaint and answers thereto. Judgment was thereupon ordered, and subsequently entered, for plaintiff, for the return of the property, or, in case delivery could not be had, for its value, found to be the sum of $1,242. No damages were awarded for the detention.

The action of the lower court was clearly erroneous. Whether or not it was wrong in permitting the amended complaint to be filed in the first instance does not enter as an element in considering the question. **[2]** When the amended complaint was filed, in pursuance of the permission granted by the trial court, the original complaint in claim and delivery ceased to be the complaint in the case, and the action became strictly one in conversion. (*Kelly* v. *McKibben*, 54 Cal. 192, 195; *Miles* v. *Woodward*, 115 Cal. 308, 316, [46 Pac. 1076].) The amended complaint superseded the original and thereby completely disposed of it. (*Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556, 558, [87 Pac. 19].) The ruling of the court, embodied in the order permitting the amended complaint to be filed, was the judgment or conclusion of the court upon the matter then before it. (*In re Rose*, 80 Cal. 166, 170, [22 Pac. 86]; *In re Smith*, 98 Cal. 636, 641, [33 Pac. 744].) It was one affecting the rights of the parties, and the judgment, subject to review on appeal from the judgment in the case. (Code Civ. Proc., sec. 956.) Even if the ruling was inadvertently made, and although, as the court stated in its written order, filed with the clerk, it was "convinced from the evidence that the amended complaint should not have been filed," the parties interested had a right to be heard on the question and were entitled to notice before the court struck it from the files. (*Wunderlin* v. *Cadogan*, 75 Cal. 617, 619, [17 Pac. 713].) **[3]** The power of the court to vacate, with-

out notice, an order previously made in an action is limited by section 937 of the Code of Civil Procedure to such orders as the judge has made without notice in the first instance. To allow a court to give directions or make orders and then after the parties have acted thereon to permit it, without statutory power or implied authority, to change its rulings or vacate its orders would lead to great uncertainty, inconvenience and, in some cases, perhaps, to wrong and injustice. (*Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222, 228, [15 Am. St. Rep. 50, 22 Pac. 594].)

The situation is not in the least clarified by the liberal discretion vested in trial courts in the matter of allowing amendments to pleadings. Respondents' theory that the court's action in this case amounted to no more than an amendment to the complaint is not sound. Perhaps, as was suggested in *Riciotti* v. *Clement*, 94 Cal. 105, 108, [29 Pac. 414], the plaintiff might have been allowed, on application after notice to the defendants, if the evidence warranted, to amend after trial and before judgment, so as to again claim a return of its property. But permission to do so was not asked, and the court had no jurisdiction to endeavor to effect that result on its own motion. (*Parrish* v. *Pensacola & A. R. Co.*, 28 Fla. 251, [9 South. 696].) The plaintiff had the right to choose whether it would content itself with damages for the conversion of its property or seek to recover it in claim and delivery. There is a marked distinction between the two actions and the remedies are very different. (*Kelly* v. *McKibben*, 54 Cal. 192, 195; *Richards* v. *Morey*, 133 Cal. 437, 439, [65 Pac. 886].) If the plaintiff chose the wrong action, or if upon the trial the court was convinced from the evidence that it was not entitled to the remedy sought, the responsibility rested upon plaintiff and its counsel. It was not the province of the court to order a correction of error or the removal of defects of its own motion, although it might have done so on timely application for the exercise of its discretion. (*Ten Broeck* v. *Orchard*, 79 N. C. 518.) The relief actually awarded plaintiff under the original count is so radically different from that which should have been awarded under the amended complaint that we feel the plaintiff was aggrieved thereby. (*Estate of Colton*, 164 Cal. 1, 5, [127 Pac. 643]; *Quint* v. *McMullen*, 103 Cal. 381, 383, [37 Pac. 381].)

[4]   The order striking the amended complaint from the files was one deemed excepted to under section 647 of the Code of Civil Procedure. It necessarily affected the judgment and may be reviewed upon this appeal from the judgment. (Code Civ. Proc., sec. 956; *Alpers* v. *Bliss,* 145 Cal. 565, 569, [79 Pac. 171].)

The judgment is reversed.

Gosbey, J., *pro tem.*, and Richards, J., concurred.