ROMERO ET AL., PLAINTIFFS AND APPELLEES, *v.* ROMERO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Nullity, Etc.—Motion for Reconsideration.

No. 2806.—Decided April 30, 1924.

PLEADING—AMENDMENT—PRESCRIPTION.—When an amended pleading is filed as a substitute for the original pleading, the latter ceases to be a part of the record, except to decide, for the purposes of prescription, when the action was in fact commenced and whether a new cause of action has been introduced, or something of this sort.

REVENDICATION—ALIENATION—THIRD PERSON.—No one who is sued in revendication or otherwise is prevented from alienating the property unless there is an order to this effect. The most that could be said is that the purchasers can not be held to be innocent holders or third persons.

ID.—ID.—A declaration of nullity of the title as to a defendant who had alienated his interest in the property would be academical, whether the alienation was made before notice of the complaint or after.

The facts are stated in the opinion.

*Mr. I. Hernández* for the appellants.

*Mr. M. Moraza* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case where by a vote of three to two the judgment of the District Court was reversed. The complainant and appellee moved for a reconsideration and one of the grounds was that Mr. Justice Aldrey had not intervened in the hearing. This was one of our reasons for granting a rehearing.

The ground of reversal was that as this was a suit (and so treated by the court below) mainly to declare certain nul-

lities of alleged outstanding titles or claims to real estate, the judgment in favor of complainants with regard to one of the defendants, María Solís, would be academic, inasmuch as the record showed that she had parted with the title and another had arisen in the registry in favor of others. We find that she had parted with the title before the filing of the complaint.

The complainants, appellees, now urge that the original complaint was filed before the property was sold and they also invoke section 290 of the Code of Civil Procedure.

If the record be examined no memorandum will be found of when the original complaint was filed.

Assuming, however, that it was prior to the sale from the defendant, we then find that there is an amended complaint in the record, an entirely new and, under our practice as we understand it, a substituted pleading. When an amended pleading is filed as a substitute for the original pleading the latter ceases to be part of the record, except to decide for the purposes of prescription when the action was in fact commenced and whether a new cause of action has been introduced, or something of this sort. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 446; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 P. 293; *Hansen* v. *Goodrich* (Mont.) 181 P. 739.

We cannot, moreover, assume on appeal that the defendant, María Solís, or anyone else had notice by the original complaint of the action as now presented, nor that the amended complaint did not present an entirely new or different cause of action.

Independently of all this, no one who is sued in revendication or otherwise is prevented from alienating the property in litigation unless there is an order to this effect. The most that could be said is that the purchasers cannot be held to be innocent holders or third persons.

In Porto Rico the filing of a suit is not constructive notice of a claim. *Romeu* v. *Todd,* 206 U. S. 358. If a purchaser goes to the registry and finds no record of *lis pendens,* he is not bound to look further, and may claim to be a third person. Curiously enough, in this case there are indications, at least in the brief of the complainants, that no notice of the original complaint was offered in the registry.

Therefore, whether the original complaint was or was not filed before the transfer, the purchasers' rights to defend against the said nullities are unimpaired.

Section 290 of the Code of Civil Procedure is as follows:

"Sec. 290.—An action for the recovery of real property against a person in possession cannot be prejudiced by any alienation made by such person, either before or after the commencement of the action."

As we have said, the principal characteristic of this suit is to secure nullities and not to revendicate. Given the origin of this section and the fact that in the United States the action of ejectment is theoretically a possessory one, the idea probably was that a person in possession could not defeat the recovery of possession by divesting himself of the title. The record does not show a physical possession in María Solís. If possession was presumed by reason of a deed (section 1365, Civil Code) such presumption is destroyed by the subsequent deed as shown by the record in the registry.

We are therefore convinced that any declaration of nullity against this defendant, who has apparently parted with all title and interest in the property, could not effect any possible change of things in the law. A judgment generally effects some change by transferring the possession, clearing obstacles or declaring an enforceable right. With the judgment here sought for and obtained in the court below, the situation of the complainants would be in no wise im-

proved. The judgment so obtained could not be, as suggested, even offered in evidence against purchasers, as such a judgment would be entirely *res inter alios acta.*

The judgment must be reversed and the complaint dismissed as to María Solís.

*Reversed and remanded.*

Justices Aldrey and Franco Soto concurred.
Chief Justice Del Toro and Justice Hutchison dissented.