FRANCISCO G. TABOADA BOSCH, Plaintiff and Appellee, *v.* MARÍA DRAGONI, Defendant and Appellant.

No. 7440.   Argued December 21, 1936.—Decided February 15, 1937.

R. *Hernández Matos* for appellant.   *José I. Fernández Segarra* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This action of debt was brought in the Municipal Court of Juana Díaz.   The plaintiff appealed from an adverse judgment to the District Court of Ponce, and requested leave of the latter to file an amended complaint.   After a hearing and discussion of the merits of the motion it was granted.

After the case had been tried and judgment rendered for the plaintiff ordering the defendant to pay the plaintiff the sum of $322.58, plus interest, without costs, the defendant appealed.

Among the documents which form part of the judgment roll, filed in this court, there appears the original complaint filed in the Municipal Court of Juana Díaz.   The appellee has moved to strike the said complaint from the record of this appeal.   The appellant opposes the motion.

The appellee cites the case of *García* v. *Cañada,* 11 P.R.R. 403, where it was said:

"A complaint was filed in the case and a demurrer thereto, but as an amended complaint was subsequently filed it will be unneces-

sary for us to consider the questions raised by the original complaint and the demurrer. Indeed no reason appears for putting these writings in the record."

The case cited however, is not applicable to the instant case, in which, according to the appellant, one of the errors which will be assigned in due course is that the lower court permitted the cause of action alleged before the municipal court to be substantially changed. Since, at this stage of the case, it would not be proper to decide whether or not the amended complaint changed the cause of action, the original complaint must remain in the record of the appeal, because this court would be unable to pass on the error, and the appellant to assign it, if we should agree to strike the original complaint from the record. This conclusion is supported by *Romero et al.* v. *Romero et al.*, 33 P.R.R. 105, where it was said:

"When an amended pleading is filed as a substitute for the original pleading the latter ceases to be part of the record, except to decide for the purposes of prescription when the action was in fact commenced and whether a new cause of action has been introduced, or something of this sort. *Barber* v. *Reynolds*, 33 Cal. 497; *Kelly* v. *McKibben*, 54 Cal. 192; *Redington* v. *Cornwell*, 90 Cal. 50; *Collins* v. *Scott*, 100 Cal. 446; *Tehama* v. *Sisson*, 152 Cal. 179; *Collins* v. *Gray*, 3 Cal. App. 726; *Ross* v. *Flynn*, 189 Pac. 293; *Hansen* v. *Goodrich* (Mont.) 181 Pac. 739."

See also, *Vahamonde* v. *Miró et al.*, 36 P.R.R. 554, and *Martínez* v. *Jiménez et al.*, 20 P.R.R. 481.

■■ The appellee maintains, in addition, that as the appellant did not except to the order of the District Court of Ponce of February 13, 1936, granting leave to file an amended complaint, she may not now assign as error that the same changed the cause of action.

The said decision, however, is deemed excepted to by operation of law, by virtue of Section 213 of the Code of Civil Procedure, 1936 ed., which provides among other things the following:

"The final decision in an action or proceeding, an interlocutory order or decision, finally determining the rights of the parties or some of them; *an order or decision made upon a contested motion;* . . . *an order* sustaining or over-ruling a demurrer, *allowing or refusing to allow an amendment to a pleading, striking out a pleading or a portion thereof* . . . shall be deemed to have been excepted to."

The motion of the appellee must be denied.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.