MARTÍNEZ, DEMANDANTE Y APELANTE, *v.* JIMÉNEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso sobre nulidad de actuaciones e inscripciones.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1134.—Resuelto en mayo 27, 1914.

DESESTIMACIÓN DE APELACIÓN—SENTENCIA DECLARANDO CON LUGAR LAS EXCEPCIONES PREVIAS Y PERMITIENDO PRESENTAR OTRA DEMANDA—SENTENCIA DEFINITIVA.—Cuando, como en este caso, se dicta una sentencia desestimando la demanda porque no aducía hechos que determinasen una causa de acción y se autoriza la presentación de otra demanda, la sentencia dictada tiene el carácter de definitiva y es apelable de acuerdo con el párrafo 2 del artículo 295 del Código de Enjuiciamiento Civil enmendado por ley de marzo 9, 1905.

JUICIOS DE NOVO—CASOS ORIGINADOS EN LAS CORTES MUNICIPALES—ENMIENDA DE LA DEMANDA EN LA CORTE DE DISTRITO.—Las cortes de distrito están autorizadas para permitir enmiendas en la demanda en juicios *de novo* de casos apelados de las cortes municipales en los mismos casos en que pueden autorizarlas en asuntos de que conocen originalmente.

Los hechos están expresados en la opinión.

El apelante compareció por escrito en nombre propio.

Abogado de los apelados: *Sr. A. Blasco Pagán.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La resolución apelada en este caso es la siguiente:

"SENTENCIA.—Pendiente de apelación ante esta corte de distrito en virtud de recurso interpuesto por el demandante Víctor P. Martínez contra la sentencia dictada por la Corte Municipal de San Sebastian desestimando las excepciones previas opuestas a la demanda. Incluído este pleito en el calendario y señalado día para el juicio

comparecieron las partes representadas por sus respectivos abogados y dada lectura de la demanda los demandados por conducto de su abogado expusieron a la corte las dos excepciones provias, es decir, que la demanda no aduce hechos suficientes para determinar una causa de acción y la de *res judicata.* Sometida sin argumentación la cuestión de derecho envuelta en dichas excepciones por el abogado de la parte promovente y después de haber informado el abogado de la parte contraria lo que creyó conveniente a su derecho se declaró el acto concluso para sentencia reservándose dictarla en una de sus próximas sesiones y en este día, después de haber considerado debidamente la cuestión de derecho contenida dentro de dichas excepciones declara: que la ley está a favor de la primera de las excepciones alegadas y por tanto desestima la demanda con las costas, autorizando sin embargo a la parte demandante para que pueda entablar su demanda de acuerdo con los términos de la opinión que dictará la corte. Y en cuanto a la segunda excepción de *res judicata* se declara sin lugar. Disponiéndose que se registre esta sentencia en el libro de sentencias de la corte y una vez firme se libre la oportuna copia certificada de la misma a la corte inferior a los efectos oportunos. En corte abierta hoy 21 de febrero de 1914. Firmado: Isidoro Soto Nussa, juez.''

Los demandados y apelados nos piden la desestimación del recurso fundándose en que no ha podido interponerse porque no se trata de una sentencia definitiva, toda vez que autoriza al demandante para que pueda entablar su demanda de acuerdo con la opinión de la corte.

La forma propia de resolver la excepción propuesta en primer término es la de declararla con lugar por medio de una resolución y conceder un término razonable para enmendar la demanda cuando entienda que es susceptible de ésta y sin dictar sentencia, a menos que no se hicieran las enmiendas necesarias. Pero en éste caso resulta que aun cuando se autorizaba la presentación de otra demanda, la que estaba sometida al tribunal fué desestimada con costas mediante una sentencia. El efecto de la sentencia apelada fué el de rechazar la demanda, sin perjuicio de autorizar la presentación de otra. Quizás entendió el juez que como se trataba de un pleito originado en la corte municipal, debía juzgar

el caso con la demanda original y no con una demanda enmendada ante él. Si así pensaba, está en un error pues la apelación contra sentencias de las cortes municipales lleva el caso a las cortes de distrito para ser juzgada de nuevo, como si otro juicio no hubiera existido y, por tanto, están autorizadas para permitir enmiendas en los mismos casos en que pueden autorizarlas en los asuntos de que conocen originalmente.

Por consiguiente, como se trata de una sentencia que desestimó la demanda porque no aducía hechos que determinasen causa de acción, aun cuando autorizó la presentación de otra, y como resolvió definitivamente respecto de la demanda que tenía ante sí, debemos declarar que fué una sentencia que puso término al asunto y que es apelable de acuerdo con el No. 2° del artículo 295 del Código de Enjuiciamiento Civil tal como fué enmendado en 9 de marzo de 1905.

En cuanto al otro fundamento de la moción, no vemos que tenga relación alguna con este caso.

La moción debe ser negada.

*Denegada la moción de desestimación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.