ROSA DE LA PLAZA DÍAZ, demandante y apelante-apelada, *v.* CENTRAL BOCACHICA, INC., demandada y apelada-apelante. lante.

No. 3470.—*Visto:* Marzo 24, 1925.   *Resuelto:* Julio 24, 1925.

1. SENTENCIAS—CASOS CONTENCIOSOS—CONFORMIDAD DE LA MISMA CON LAS ALEGACIONES, PRUEBAS Y VEREDICTOS O CONCLUSIONES—SENTENCIA FUNDADA EN HECHOS NO ALEGADOS O PROBADOS.—En una acción en cobro de dinero, la condena de pago que se funda en un hecho no alegado ni probado es errónea.
2. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—PREPONDERANCIA DE LA PRUEBA.—Examinada la evidencia en el caso de autos, *se resolvió:* que la demandante no había probado suficientemente su caso y que la preponderancia de la prueba estaba a favor de la demandada.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar la demanda, sin costas.  *Revocada,* declarándose sin lugar la demanda.

*D. Sepúlveda,* abogado de la apelante-apelada; *López de Tord & Zayas Pizarro,* abogados de la apelada-apelante.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La señorita Rosa de la Plaza Díaz, tenedora de libros,

demandó a la Central Bocachica, Inc., en cobro de pesos alegando que en 1920, y hasta 1922 existió en la jurisdicción de Juana Díaz una comunidad de bienes nombrada Central Bocachica cuyo administrador don Manuel León Parra la contrató el primero de septiembre de 1920 para la contabilidad de dicha hacienda mediante el sueldo de $150 mensuales de los cuales podía disponer de $100 cada mes y a fin de cada año de los $50 restantes de cada mes, así como que también se le ofreció una bonificación de $600 si había beneficios: que al mes siguiente se formó la corporación demandada Central Bocachica, Inc., siendo su presidente-administrador el mismo Sr. León Parra quien la puso a hacer trabajos adicionales de contabilidad y en horas extraordinarias para la Central Bocachica, Inc., desde octubre de 1920 hasta el 14 de septiembre de 1922: que en enero de 1923 los condueños de la hacienda Bocachica vendieron sus fincas a la Central Bocachica, Inc., siendo entonces y ahora los vendedores los que poseen casi todas las acciones de la central demandada: que de su sueldo se le deben $1,105 más $600 porque hubo beneficios en 1920 a 1921 y $1,250 por sus servicios extras, haciendo todo un total de $2,955 cuyo pago reclama.

Se opuso la demandada a esa reclamación y la corte dictó sentencia condenando a la demandada a pagar a la demandante una de esas partidas, la de $1,105 por los $50 mensuales no cobrados cada mes y la absolvió de las otras dos reclamaciones, contra cuyo fallo ambas partes han interpuesto apelación en cuanto les perjudica y han tramitado sus recursos conjuntamente.

Alega la demandada en apoyo de su recurso que la corte inferior cometió error al condenarla al pago fundada en que "la comunidad de bienes Hacienda Bocachica se refundió en la corporación Central Bocachica, Inc., haciéndose cargo del activo y pasivo de la primera y de todas las responsabilidades de dicha comunidad de bienes Hacienda Bocachica:" y expone que la corte declaró probado un hecho que no fué alegado ni probado, por haber olvidado que la alegación que

en ese sentido tenía el hecho séptimo de la demanda fué enmendada antes del juicio.

Así ocurrió, pues el hecho séptimo de la demanda que dice lo que la corte declaró probado fué enmendado antes de practicarse las pruebas por otra alegación en la que no se dice que la comunidad de bienes de la Hacienda Bocachica se refundió en la corporación Central Bocachica, Inc., ni que ésta se hiciera cargo del activo y del pasivo de la comunidad de bienes dicha, sino que, como hemos dicho al principio, los condueños de la hacienda vendieron sus fincas a la corporación y poseen casi todas las acciones de la misma, por lo que la corte inferior erró al fundar su condena en que la corporación se había hecho cargo de satisfacer el pasivo de la comunidad de bienes.

A pesar de lo expuesto, la demandante alega que como casi todas las acciones de la Central son poseídas por los que fueron los dueños de la comunidad de bienes, existe entre ambos una refundición o consolidación por lo que la central debe responder de las obligaciones de la comunidad de bienes, a lo que opone la demandada que no sería justo que accionistas de la central que no eran dueños en la comunidad de bienes paguen las deudas de ésta.

Podemos dejar a un lado esa cuestión porque con el examen que hemos hecho de la evidencia llegamos a la conclusión que no es suficiente para poder declarar que la demandante ganaba más de $100 mensuales.

En efecto, las únicas personas que declararon que el sueldo de la demandante era de $150 mensuales de los cuales cobraría $100 cada mes y los restantes $50 mensuales al término de cada año fueron la propia interesada y su testigo don Manuel León Parra, persona que según la evidencia tiene resentimientos contra las que dirigen actualmente los negocios de la corporación; habiendo declarado en contrario testigos de la demandada en cuanto a los $50 cobrables a fin de cada año, y sobre todo porque ese crédito reclamado por la demandante no aparece en los libros que ella misma lle-

vaba ni figuró en estados de acreedores que con juramento tuvo que presentar el Sr. León Parra en la Corte Federal, estados que hizo la demandante, por lo que en vista de esas pruebas opinamos que la demandante no probó suficientemente su caso y que la preponderancia clara de la evidencia está a favor de la demandada; conclusión que es aún más fuerte en cuanto a las otras dos reclamaciones que negó la corte inferior, especialmente en cuanto a que en el año 1920–21 hubo beneficios, conclusión que ella sostiene por creer que fué mal hecho en los libros un asiento que fué ordenado por los contadores públicos Goodrich & Co.

En vista de las anteriores conclusiones y resolviendo ambas apelaciones *debemos revocar la sentencia apelada y dictar otra declarando sin lugar la demanda, sin especial condena de costas.*