AMALIA VAHAMONDE VIUDA DE PÉREZ, demandante y apelada, *v.* JOAQUÍN L. MIRÓ y ROBERTO H. TODD, demandados y apelantes.

No. 4165.—*Sometido:* Marzo 23, 1927. *Resuelto:* Abril 22, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD— ALCANCE Y CONTENIDO DEL RÉCORD—ALEGACIONES—ALEGACIONES ENMENDADAS.—Una demanda original así como una primera demanda enmendada pueden considerarse (ser) parte de los autos de apelación para determinar si

las enmiendas introducen o no una nueva o distinta causa de acción al discutirse excepción previa que levante tal cuestión.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—DEFECTOS, OBJECIONES, ENMIENDAS Y CORRECCIÓN—CORRECCIÓN EN EL SUPREMO—ELIMINACIÓN DE CONSTANCIAS DEL RÉCORD.—Cuando en incidente sobre corrección de autos se solicita la eliminación de ciertas constancias del récord y la cuestión levantada es una para ser determinada en los méritos del caso, no ha lugar a la moción de corrección solicitada.

MOCIÓN sobre corrección de autos en apelación. *Sin lugar.*

*De la Torre & Ramírez* y *José Martínez Dávila,* abogados de la apelada; *Carmelo Honoré,* abogado de los apelantes.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Amalia Vahamonde demandó a Joaquín L. Miró y Roberto H. Todd en cobro de dos pagarés por $500 cada uno. Los demandados excepcionaron la demanda alegando, entre otros fundamentos, la prescripción de la acción. Artículo 950 del Código de Comercio.

La demandante, después de enmendar por primera vez su demanda y cuya eliminación se pidió por los demandados por no haberse obtenido el permiso de la corte ni haberse resuelto las excepciones presentadas, radicó, previo permiso de la corte, una segunda demanda enmendada que notificó a los demandados en noviembre 16, 1926. En noviembre 29 1926, la demandante solicitó del secretario que hiciera constar la rebeldía de los demandados y registrar sentencia por no haber dichos demandados excepcionado ni contestado en el término que concede la ley. La rebeldía fué entonces anotada y registrada sentencia de acuerdo con la súplica de la demanda.

La demandante ahora pide, y éste es el objeto del presente incidente sobre corrección de autos, que se eliminen del récord las siguientes constancias: demanda original, excepciones previas a la misma, primera demanda enmendada y moción para eliminar, aduciéndose como fundamento que la segunda demanda enmendada reemplaza a las alegaciones anteriores, careciendo ella de todo objeto en la apelación.

Los demandados se opusieron, alegando, entre otros motivos, que si se eliminasen aquellas actuaciones, ellas no podrían demostrar el error que imputan a la corte interior en sentido de haber permitido enmiendas que implican una nueva causa de acción o un cambio substancial en las alegaciones.

[1] En cuanto a los efectos de una demanda enmendada en relación con la original, la jurisprudencia es clara y dice lo siguiente:

"Cuando se radica y notifica una demanda enmendada, la demanda original deja de surtir efecto alguno como pliego de alegaciones. Pero una demanda original no queda reemplazada a todos los fines por una demanda enmendada, y aquélla puede ser considerada como parte de los autos del caso con el fin de demostrar cuándo fué comenzada la acción y de determinar si la enmienda introdujo o no una nueva o distinta causa de acción, al discutirse una excepción previa que levanta tales cuestiones. Una demanda enmendada basada en la misma causa de acción se retrotrae a la fecha de la radicación de la demanda original en tanto en cuanto se refiere al estatuto de prescripción de acciones." 3 Estee's Pleadings, pág. 113.

[2] Siendo, por tanto, el punto levantado por los demandados una cuestión legal para determinarse en los méritos del caso, *la moción de la demandante debe declararse sin lugar.*