Francisco G. Taboada Bosch, demandante y apelado, *v.* María Dragoni, demandada y apelante.

Núm. 7440.—*Sometido:* · Diciembre 21, 1936. *Resuelto:* Febrero 15, 1937.

*R. Hernández Matos,* abogado de la apelante; *José I. Fernández Segarra,* abogado del apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Este caso se originó en la Corte Municipal de Juana Díaz con la interposición de una demanda en cobro de dinero. De la sentencia dictada en su contra apeló el demandante para ante la Corte de Distrito de Ponce, y solicitó de ésta permiso para radicar una demanda enmendada. Le fué concedido el permiso después de una vista y discusión sobre los méritos de la moción.

Visto el caso, declarada con lugar la demanda y condenada a pagar al demandante la suma de $322.58, más intereses, sin especial condenación de costas, la demandada apeló.

■ Entre los documentos que forman parte del legajo de la sentencia, radicado en esta corte, aparece la demanda original radicada ante la Corte Municipal de Juana Díaz. La parte apelada solicita la eliminación de dicha demanda del récord de esta apelación. La parte apelante se opone.

El apelado invoca el caso de *García* v. *Cañada*, 11 D.P.R. 421, en que se dijo:

"Se presentó una demanda en el caso y se formuló excepción previa a la misma, pero habiéndose presentado después una demanda enmendada, será innecesario que consideremos las cuestiones que surgen en la demanda primitiva y en la excepción. En verdad no hay razón alguna por la cual estos escritos han sido agregados a los autos."

Dicho caso, sin embargo, no es de aplicación al de autos, en que, según anuncia la apelante, uno de los errores que imputará oportunamente a la corte sentenciadora es el haber permitido que se cambiara substancialmente la causa de acción alegada ante la corte municipal. Como en este estado del caso sería improcedente resolver si efectivamente la demanda enmendada cambió o no la causa de acción, ésta debe permanecer en el récord de apelación, porque de otro modo quedaría esta corte imposibilitada de resolver el error, y la apelante de levantarlo, si accediéramos a eliminar del récord la demanda original. Este criterio encuentra apoyo en *Romero* v. *Romero & Solís,* 33 D.P.R. 109, en donde se dijo:

"Cuando se presenta una alegación enmendada como sustituta de la alegación original, ésta última deja de ser parte de los autos ex-

cepto para decidir a los fines de la prescripción cuándo fué en realidad comenzada la acción y si una nueva causa de acción ha sido presentada, o algo por el estilo. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 453; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 P. 293; *Hausen* v. *Goodrich (Mont.)* 181 P. 739.''

Véanse, además, *Vahamonde* v. *Miró,* 36 D.P.R. 616, y *Martínez* v. *Jiménez,* 20 D.P.R. 515.

██ El apelado sostiene, además, que como la apelante no tomó excepción a la resolución de la Corte de Distrito de Ponce de fecha 13 de febrero de 1936, concediendo permiso para radicar una demanda enmendada, está impedida ahora de alegar como error que la misma cambió la causa de acción.

Dicha resolución, sin embargo, se considera excepcionada por ministerio de la ley, a virtud del artículo 213 del Código de Enjuiciamiento Civil, edición de 1936, que dispone entre otras cosas lo siguiente:

"La decisión definitiva en un pleito o procedimiento; una providencia o decisión interlocutoria, que definitivamente determine los derechos de las partes, o algunos de ellos; *una providencia o decisión dada sobre una moción controvertida;* . . . *una providencia* admitiendo o desestimando una excepción previa, *concediendo o negando permiso para enmendar un alegato* (la versión inglesa dice "pleading" en vez de *alegato*), *excluyendo una alegación en todo o en parte* . . . se considerarán excepcionadas por ministerio de la ley."

*Se debe declarar sin lugar la moción del apelado.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.