RAFAEL MIRANDA, demandante y apelado, *v.* JOSÉ LÓPEZ, hoy su Sucesión, demandado y apelante.

Núm. 8169.—*Sometido:* Marzo 11, 1941. *Resuelto:* Marzo 14, 1941.

*S. O'Neill Torres,* abogado de la apelante; *L. Rojas Flores,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un caso en cobro de dinero. En la demanda original radicada en el mes de junio de 1937 por el demandante apelado, Rafael Miranda, en la Corte de Distrito de Arecibo, alegó que el demandado José López le adeudaba $1,553.36 como liquidación de la cuenta de refacción de tabaco que tenía con él correspondiente a la cosecha del año 1935

a 1936. En el mes de octubre de 1937 falleció el demandado José López y el 14 de diciembre del mismo año el demandante radicó una demanda enmendada cambiando el concepto de su reclamación, pues alegó que los $1,553.36 reclamados correspondían al importe de una venta de tabaco hecha el día 9 de julio de 1936·por el demandante al demandado, en lugar de una liquidación de la cuenta de refacción correspondiente a la cosecha de 1935 a 1936, como se había alegado en la demanda original. Excepcionada la demanda enmendada por la Sucesión de José López, que había sido sustituída como parte demandada, por no alegar hechos suficientes constitutivos de causa de acción, y declarada sin lugar la excepción previa, contestaron negando que el demandante entregara y vendiera al demandado cantidad alguna de tabaco el 9 de julio de 1936 ni en ninguna otra fecha, aunque aceptaron que José López refaccionó al demandante en la cosecha antes mencionada.

Celebrado el juicio, la corte inferior declaró con lugar la demanda no por los $1,553.36, cuantía reclamada como objeto de la venta específica de tabaco celebrada el 9 de julio de 1936, según se alegó, sino por $857.74, liquidación de la cuenta de refacción, más intereses, descontando de dicha suma, como compensación, la cantidad de $434.46, más intereses, que según un pagaré, adeudaba el demandante a José López.

La sucesión demandada ha establecido este recurso alegando que la corte inferior cometió error, primero, al desestimar la excepción previa, y segundo, al apreciar la prueba, siendo la sentencia dictada contraria a la misma.

■■ El primer error lo funda la apelante en el hecho de haber el demandante cambiado su causa de acción en la demanda enmendada. Esta demanda enmendada fué radicada, sin permiso de la corte, según tenía derecho a hacerlo el demandante de acuerdo con el artículo 139 del Código de Enjuiciamiento Civil, ya que la demanda original no había sido excepcionada ni contestada por el demandado. Cualquier alegación puede ser enmendada, por primera vez, sin

que se solicite y obtenga permiso de la corte, siendo éste un derecho del cual no puede privarse a las partes, y es igual al que les asiste para presentar sus alegaciones originales, según resolvió esta Corte en el caso de *González Reyes* v. *González,* 43 D.P.R. 826, resolviéndose además, que ''enmiendas a las alegaciones que alteren materialmente la causa de acción o que aduzcan una esencialmente distinta o que la materia que cubran sea enteramente extraña a la demanda original, no son permisibles.''

Tanto la demanda original, como la demanda enmendada, en este caso, aducían hechos suficientes constitutivos de causa de acción contra el demandado José López, primero, y su sucesión, después, porque en ambas el demandante trataba de cobrar la misma cantidad de dinero, que según él se le adeudaba.

Ahora bien, la cuestión no fué debidamente planteada por la apelante ante la corte inferior. No es a virtud de una excepción previa de falta de hechos para constituir una causa de acción que puede suscitarse, sino por moción para eliminar la legación enmendada. En 49 C. J. 556, se dice:

''Aunque hay autoridades en contrario, se ha sostenido generalmente que el hecho que una enmienda a la demanda cambie la causa de acción o introduzca una nueva causa de acción no puede levantarse por medio de excepción previa sino que debe presentarse por una moción para eliminar.''

En el caso de *Williams* v. *Williams,* 88 N. W. 1057, 1058, se exponen claramente los motivos para sostener esta doctrina, así:

''No tenemos que resolver si al concedérsele permiso al demandante para enmendar, él tenía derecho a radicar una alegación substituta conteniendo una causa de acción distinta. Esa cuestión pudo levantarse por moción para eliminar la demanda substituta y sólo podía levantarse en esa forma. La objeción no podía considerarse al resolver una excepción previa que va, necesariamente, a la suficiencia de la demanda en sí, y no al derecho de la parte a radicarla. La excepción previa debió declararse sin lugar porque el demandado

trató por ella que la corte considerara no sólo las alegaciones de la demanda enmendada sino las de la demanda original. Una alegación substituta reemplaza alegaciones anteriores de la misma parte y una excepción previa a dicha alegación debe ser resuelta a base de la suficiencia de su contenido únicamente. El hecho de que los hechos alegados sean inconsistentes con los alegados anteriormente no es motivo para excepcionar y no debe ser la base para atacar la nueva alegación.''

Procedió correctamente, pues, la corte inferior, al declarar sin lugar la excepción previa en este caso y no cometió el primer error imputádole.

▉▉▉ Por el segundo sostiene la apelante que la sentencia dictada es contraria a la prueba y que la corte cometió error en su apreciación de la misma.

Para una mejor comprensión del error imputado, se hace necesario copiar, con alguna amplitud, de la opinión emitida por el juez como fundamento de la sentencia dictada. Después de hacer referencia a lo alegado en la demanda original y en la demanda enmendada, y a la variación en el concepto de la reclamación hecha por el demandante, se expresó así:

''Esta disparidad en la reclamación, unido a la forma como los testigos de cada parte explican los documentos presentados, *hace difícil resolver la controversia sin que se incurra en error de apreciación.*

''La parte demandada niega en su contestación que sea deudora del demandante y alega que José López liquidaba sus cuentas de refacción todos los años, y que el demandante le quedó adeudando en julio de 1936 la suma de cuatrocientos treinta y seis dólares cuarenta y seis centavos que se hizo constar en un pagaré que suscribió a favor de José López, objeto de una demanda que se presentó en la Corte Municipal de Ciales y fué objeto de sentencia.

''Entre los documentos presentados como liquidaciones que le hacía López al demandante, hay uno de fecha 8 de julio de 1936, que es el único que dice—cuenta de refacción—y que arroja un balance a favor de Miranda de $857.74. Hay otra liquidación de la misma fecha, aunque tiene un nueve sobre el ocho, *en papel azul,* que arroja un balance a favor del demandante de $1,553.36, *en que se funda la demanda, y que es aparentemente contradictorio con el anterior.*

"El encargado de cuentas de José López declaró que la liquidación del papel azul, *era solamente un informe para la A.A.A., dando a entender que estaban infladas las cantidades objeto del mismo.* El demandante dijo que dicha liquidación, *en papel azul, se refiere a una venta de tabaco que hizo a López, y que es distinta a su cuenta de refacción.*

"La liquidación en papel azul, tiene arriba después del nombre de Miranda, la palabra –venta– en escritura igual al resto. Quiere decir, que José López al firmar dicho documento, quiso distinguir esa liquidación de la otra que dice –cuenta de refacción–.

"Del conjunto de la evidencia, incluyendo la declaración del demandante, en la parte que le hemos dado crédito, *y considerando el cambio que hizo en su demanda y el pagaré que firmó,* llegamos a la siguiente conclusión:

"José López no liquidó definitivamente en dinero la cuenta de refacción del demandante correspondiente a la cosecha de 1935 al 1936, pendiente de la liquidación de cuentas con otras personas que habían sido refaccionadas por encargo y bajo la responsabilidad del demandante. Por eso se demandó a López en mayo de 1937, *cuando éste no había fallecido, reclamando el pago de la cuenta de refacción. Entonces Miranda estaba diciendo verdad en cuanto al concepto por el cual demandaba.*

"Cuando se le pidió una especificación del balance de $1,553.36 que reclamaba, *se dió cuenta que no podía utilizar el certificado en papel azul que tiene un haber a su favor por dicha suma, porque aparece consignado en el mismo la palabra –venta–; y entonces cambió su demanda diciendo que reclamaba el importe de una venta y no de una cuenta de refacción, para seguir reclamando la misma suma, que es superior a la liquidación de $857.74, objeto de la cuenta de refacción. . . . .* "

"Se desprende de los documentos presentados y de la declaración de Miranda, que López recibió en la referida cosecha distintas cantidades de tabaco sembrado por otras personas, en cuyas entregas mediaba el demandante.

"Miranda tenía que presentar a la A.A.A., certificado de su cosecha, y por eso López le dió la constancia objeto del documento azul, y puso la palabra –venta– para distinguirlo de la cuenta de refacción del demandante, firmada en papel blanco. *Parece que las cantidades del papel azul están infladas, por el precio alto que se fija a las tres clases de tabaco, distinto al de otras liquidaciones; pero eso no afecta para la resolución de este caso.*

"El pagaré que firmó Miranda fué para responder de las cuentas de los otros cosecheros que operaban bajo su responsabilidad. *En este punto el demandante dijo verdad,* y declaró que estaba conforme en que se descontara la cantidad de $434.46 objeto de dicho pagaré.

"Por las razones expuestas, dictamos sentencia declarando: que el demandante y la parte demandada deben pagarse y liquidarse, respectivamente, las obligaciones pendientes a saber: la parte demandada debe pagar al demandante la suma de $857.74 con intereses al 6 por ciento anual desde la fecha de esta sentencia, descontando de dicha suma, como compensación, la cantidad de $434.46 con intereses al 9 por ciento anual desde el 11 de julio de 1936 hasta el total pago, según fueron convenidos en el pagaré que adeuda el demandante y que fué objeto de la sentencia dictada por la corte municipal....." (Itálicas nuestras.)

Como puede verse, la corte inferior apreció la prueba y dictó su sentencia descartando el concepto de la reclamación que hizo el demandante de acuerdo con las alegaciones de su demanda enmendada, es decir, la venta de una cantidad específica de tabaco efectuada el 9 de julio de 1936, y resolvió el caso a base de las alegaciones hechas por el demandante en su demanda original, es decir, la liquidación de su cuenta de refacción del tabaco entregado durante la cosecha de 1935 a 1936, ordenando, además, se descontara el importe del pagaré firmado por el demandante a favor de José López.

Hemos leído detenidamente la transcripción de la evidencia que contiene toda la prueba presentada en este caso y de ella se desprende que los $1,553.36 reclamados por el demandante en su demanda enmendada como pago de una venta de tabaco efectuada el 9 de julio de 1936 y cuyo importe aparece detallado en el *Exhibit* "A" del demandante (que es el certificado azul a que se refiere en su opinión la corte inferior), fué un documento preparado expresamente para ser entregado a la A.A.A. con el fin de cobrar el 30 por ciento que por compensación pagaba el gobierno federal a los cosecheros de tabaco, y que dicho documento no representa una venta. Así se desprende de la declaración del testigo de la demandada, Pedro Vanga, empleado que fué

de José López durante diez años. Explicando esta transacción, dijo lo siguiente:

"P.—Examine este otro documento que le muestro. ¿Qué documento es ese? (Mostrándole la factura que presentó la parte demandante, relacionada con la venta de noventa y un quintales de tabaco)— Esto fué una liquidación que él pidió que se le hiciera.

"P.—¿Quién?—Don Rafael Miranda.

"P.—¿Para qué pidió esa liquidación?—*Para los asuntos de la Triple A* que se relacionaba con los tabacos, y se hizo no sólo a él, sino a unas cuantas personas, pero después no tuvo efecto ninguno y se hacía en forma de venta, porque nosotros al liquidar le exigíamos al cosechero unos recibos que nosotros le dábamos.

"P.—¿Ese documento fué un documento auténtico de una venta o fué un documento con qué fines?—*Esto fué únicamente que le hizo una petición a José López para que le hiciera una liquidación para los fines de la Triple A cobrar el treinta por ciento o simular.*

"P.—¿En los años 1934 y 35 y 36 no tenían que darnos a todos los cosecheros que entregaban tabaco una participación por el importe del tabaco para los fines de compensación por el Gobierno Federal?—Sí, señor; y esto fué para pago de la Triple A.

"P.—¿Ese tabaco que está consignado en ese documento a qué tabaco se refiere?—Para los efectos de la Triple A *y este tabaco no se recibió en almacén.*"

.    .    .    .    .    .    .    .    .

"P.—¿Y por qué esta liquidación de ochocientos cincuenta y siete pesos y aquella (de quinientos,) de mil quinientos pesos?—Porque esa es una liquidación verdad de tabaco, que entregó o vendió a la casa y *esta es una liquidación falsa* ....

"P.—¿Lo que quiere decir, que en este papel azul se pone una cantidad mayor para que la triple A pagara más?—*Una cosa así.*

"P.—¿Pero es la misma cosa esto que ésta?—Fué a la casa y le dijo a José López que le pusiera unos quintales de tabaco ahí y es una liquidación que no está en récord, porque la verdadera liquidación fué esa y hay otra de tabaco de su cosecha.

"P.—¿Cuando se daban estas notas para la Triple A se ponía más de lo que había entregado?—Sí, señor; además noventa y pico de quintales y él quería hacer un contrato, porque no tenía y eso se le dió a él y a diferentes personas, porque las casas acostumbraban eso." (Itálicas nuestras.)

Y a repreguntas del abogado del demandante, declaró:

"P.—¿Quiere decir, que ese documento que el Juez le muestra a Ud., que dice venta, era una cuestión simulada para defraudar a las Tres A?—No sé con qué fines lo hizo Miranda.

"P.—¿Pero lo firmó Ud.?—Sí, señor; era empleado, pero no fué el tabaco que recibí, porque yo era la persona que recibía.

"P.—¿José López y Rafael Miranda, dos hombres viejos, se confabularon para robar a las Tres A?—Hon. Juez. No sigan por ese camino." (Itálicas nuestras.)

El propio demandante al declarar de nuevo admitió que dicho documento en papel azul él lo presentó a. la A.A.A., aunque insistió en que representaba una venta efectiva de tabaco.

La prueba de la demandada demuestra, además, no que "parezca que las cantidades del papel azul están infladas" como dice la corte inferior, sino que efectivamente se fijaron precios más altos a las distintas clases de tabaco, en comparación con los precios que. aparecen en todas las demás liquidaciones presentadas como prueba.

En el caso de *Romero* v. *Romero y Solís,* 33 D.P.R. 108, se resolvió por esta corte lo siguiente:

" ... Cuando se presenta una alegación enmendada como sustituta de la alegación original esta última deja de ser parte de los autos excepto para decidir a los fines de la prescripción, cuándo fué en realidad comenzada la acción y si una nueva causa de acción ha sido presentada, o algo por el estilo. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 453; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 P. 293; *Hausen* v. *Goodrich* (Mont.) 181 P. 739."

Véanse además los casos de *Vahamonde* v. *Miró,* 36 D.P.R. 616; *Martínez* v. *Jiménez,* 20 D.P.R. 515 y *Taboada* v. *Dragoni,* 50 D.P.R. 907.

A los efectos de la acción en este caso la corte inferior no debió tomar en consideración la prueba presentada y aplicarla a resolver las alegaciones de la demanda original sobre liquidación de la cuenta de refacción de tabaco del año

1935–36, ya que dicha demanda dejó de ser parte de los autos excepto para los fines expuestos en la jurisprudencia antes citada.

El caso debió resolverse bajo la teoría expuesta por el demandante en su demanda enmendada, es decir, si se probó o no la venta de tabaco efectuada el 8 de julio de 1936. La prueba principal presentada para sostener esta alegación, o sea el Exhibit "A" del demandante, escrito en papel azul, quedó tan desacreditada, que la propia corte inferior la descartó por ser aparentemente falsa. La preponderancia de la prueba demuestra, como hemos visto antes, que dicho documento fué preparado expresamente para ser presentado a la agencia federal A.A.A., con precios inflados y que no representa una venta efectiva de tabaco hecha por el demandante a José López.

Habiendo el demandante variado el concepto de su reclamación al radicar su demanda enmendada, somos de opinión que la sentencia dictada es errónea por no ser congruente con las alegaciones de dicha demanda enmendada. *De la Plaza* v. *Central Boca Chica*, 34 D.P.R. 589; *El Pueblo* v. *P. R. Ry. Light & Power Co.*, 25 D.P.R. 408.

La corte inferior cometió manifiesto error al apreciar la prueba y aplicarla para conceder al demandante el importe de la liquidación de su cosecha de tabaco del año 1935–36, materia esta que no estaba comprendida en el asunto objeto del litigio, no siendo, por tanto, de aplicación el artículo 191 del Código de Enjuiciamiento Civil preceptivo de que las cortes pueden conceder al demandante, lo que siendo compatible con lo alegado en la demanda, estuviere comprendido en el asunto objeto del litigio. Una venta de tabaco, efectuada en un día determinado, puede estar comprendida en la liquidación de toda la cosecha de un año, pero ésta no puede estar comprendida en aquélla.

*Por todo lo expuesto, debe revocarse la sentencia apelada y, en su consecuencia, declararse sin lugar la demanda enmendada, con costas al demandante.*