Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| | | |
|---|---|---|
| MARGARITA VEGA VÉLEZ<br><br>Apelante<br><br>v.<br><br>FOREST CC CORP., *ET AL.*<br><br>Apelados | KLAN202301053 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm.: ISCI201500583 (206)<br><br>Sobre: Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones la Sra. Margarita Vega Vélez (señora Vega Vélez o la apelante) mediante el recurso de epígrafe solicitándonos que revoquemos la *Sentencia* dictada y notificada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (el TPI) el 26 de septiembre de 2023, notificada ese mismo día. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Moción Solicitando Desestimación* presentada por Forest CC Corp. (Forest o la desarrolladora) e impuso a la apelante $3,000 en concepto de honorarios de abogados por temeridad.

Por las razones que expondremos a continuación, desestimamos el dictamen apelado por falta de jurisdicción.

### I.

El caso de autos fue instado por la señora Vega Vélez el 7 de mayo de 2015.[1] Por ende, ha tenido un tracto procesal extenso, por

---

[1] A ese entonces la apelante estaba representada por la <u>Lcda. María Elsa Sánchez Santiago</u>.

Número Identificador

SEN2024_____

lo que nos limitaremos a reseñar los hechos que son pertinentes para resolver la controversia.

En apretada síntesis, en la demanda instada, la señora Vega Vélez alegó haber adquirido un apartamento en el condominio *Blue at Boquerón* en el Municipio de Cabo Rojo y que, ante varios incumplimientos por parte de la desarrolladora, tuvo que entregar el mismo. Por lo cual, solicitó la rescisión del contrato de compraventa y la devolución de las prestaciones, más los daños que dicho incumplimiento le causó. Los alegados daños fueron valorados en $100,000 más $154,010.07 pagados en concepto de préstamo hipotecario al Banco Popular y $5,000 pagados a Forest para opcional la compra.[2]

Luego de varios trámites procesales, la presentación de varias enmiendas a la demanda, y pasados casi ocho (8) años de litigación, el 10 de abril de 2023 Forest presentó *Moción Solicitando Desestimación.*[3] En apretada síntesis, adujo que la causa de acción instada por la señora Vega Vélez estaba prescrita.

Los codemandados, Sr. Herminio Bosques Medina (incorporador y agente residente de Forest), su esposa Sra. Vanessa Casillas Agosto, y la Sociedad Legal de Gananciales compuesta por estos (el matrimonio Bosques-Casillas), se unieron al petitorio desestimatorio.[4] Oriental Bank como fiduciario del Cero Five Two Six (0526) Living and Grantor Trust hizo lo propio.[5] Esta última fue

---

[2] Puntualizamos que la *Contestación a la Demanda* fue presentada por "*la parte demandada*" a través de su representación legal, el Lcdo. Ángel M. Collazo Santiago, negando los hechos esenciales. Véase, Apéndice del Recurso, a las págs. 88- 91.

[3] La referida moción fue presentada por Forest, entonces representada por el Lcdo. Elías L. Fernández Pérez. *Íd.*, a la pág. 26. Destacamos que la Contestación a Segunda Demanda Enmendada fue presentada por Forest, allí representada por el Lcdo. Félix A. Lizasuaín Martínez. *Íd.*, a la pág. 107. Posteriormente, se presentó una *Contestación Enmendada a la Segunda Demanda* y en esta compareció como representante legal de Forest el Lcdo. Elías L. Fernández Pérez. *Íd.*, a la pág. 134.

[4] El matrimonio Bosques-Casillas presentó *Contestación a la Demanda Enmendada* representada por la Lcda. Edda C. Picón Arzola. *Íd.*, a la pág. 117. De igual manera, dicha representación legal presentó *Contestación a la Segunda Demanda Enmendada. Íd.*, a la pág. 145.

[5] Estos comparecieron representados por los Lcdos. Alfredo Fernández Martínez y Eduardo Hernández Freire. *Íd.*, a la pág. 153.

incluida como parte en la *Segunda Demanda Enmendada*.[6] En esta, se arguyó que Forest fue llevada a la insolvencia para no responder por la demanda incoada.

El 1 de septiembre de 2023 la señora Vega Vélez presentó *Moción en Oposición a Moción de Desestimación*. Argumentó, en esencia, que la reclamación de los daños estaba predicada en el Artículo 1054 del Código Civil de 1930, cuyo término prescriptivo es de quince (15) años.

El 26 de septiembre de 2023, notificada ese mismo día, el TPI dictó la *Sentencia* apelada en la cual simplemente razonó:

> Este Tribunal ha analizado las posiciones de todas las partes involucradas en el presente caso y concluye que la reclamación instada está prescrita por radicarse luego de los cuatro (4) años indicados en el Artículo 1253 del Código Civil del 1930 y, además, le aplica la doctrina de cosa juzgada.

En consecuencia, desestimó la demanda instada y concluyó que la señora Vega Vélez fue temeraria "al mantener litigando injustificadamente a las partes codemandadas … provocando que estas incurrieran en gastos y honorarios de abogados".

La señora Vega Vélez presentó *Moción al Amparo de la Regla 42.2 y de Reconsideración a la Sentencia* en la cual solicitó se reconsiderara el dictamen y la determinación de hechos adicionales.[7]

El 23 de octubre de 2023 el foro *a quo* emitió *Resolución y/o Orden* en la cual atendió tres (3) asuntos:[8] el *Memorando de Costas y Gastos* instado el 29 de septiembre por Forest, la *Moción de Renuncia de Representación Legal* presentada el 2 de octubre por la Lcda. Edda C. Picón Arzola, y la solicitud de reconsideración incoada por la apelante el 11 de octubre. El memorando de costas y la renuncia de representación legal fueron concedidas. La

---

[6] *Íd.*, a las págs. 118-127.
[7] *Íd.*, a las págs. 40- 59. La referida moción fue presentada por el Lcdo. Gerardo González Román.
[8] *Íd.*, a la pág. 74.

reconsideración y la determinación de hechos adicionales se declaró *No Ha Lugar*.

Aún inconforme con el dictamen, la apelante acude ante este foro intermedio imputándole al TPI la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR EL ARTÍCULO 1253 DEL CÓDIGO CIVIL DE PUERTO RICO CON RELACIÓN A LA PRESCRIPCIÓN POR DOLO, CONTRARIO A LO QUE HABÍA RESUELTO EL PROPIO TRIBUNAL EN SU RESOLUCIÓN DEL 29 DE DICIEMBRE DE 2015 DENTRO DEL MISMO CASO.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR EL CASO *MIRANDA V. LÓPEZ*, 58 DPR 234, 235 (1941) COMO ÚNICO FUNDAMENTO PARA REVOCAR LA LEY DEL CASO EMITIDA POR EL HONORABLE MIGUEL TRABAL CUEVA EN EL MISMO CASO.

> TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR LA DOCTRINA DE COSA JUZGADA.

El 29 de noviembre de 2023 dictamos una *Resolución* concediendo a la parte apelada el término de treinta (30) días para expresarse.

El 21 de diciembre siguiente, comparecieron *sin someterse a la jurisdicción*, el matrimonio Bosques-Casillas representado por el Lcdo. Alberto A. Villafañe Rivera y la corporación Forest representada por el Lcdo. Elías L. Fernández Pérez, mediante *Solicitud de Desestimación*. Estos aducen que esta Curia carece de jurisdicción debido a que el recurso apelativo no fue perfeccionado ante la falta de notificación oportuna al matrimonio Bosques-Casillas y por haber presentado un apéndice incompleto. El 27 de diciembre también se unió a la solicitud desestimatoria Oriental Bank como fiduciario del Cero Five Two Six (0526) Living and Grantor Trust. [9]

---

[9] Esta compareció representada por los Lcdos. Alfredo Fernández Martínez y Eduardo Hernández Freire.

El 11 de enero de 2024 dictamos *Resolución* concediendo término a la parte apelante para expresarse en cuanto al petitorio desestimatorio. La apelante presentó su oposición, por lo que nos damos por cumplidos.

Analizados los escritos de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver la solicitud de desestimación.

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

Es prematuro lo que ocurre antes de tiempo y, en el ámbito procesal, una apelación o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001); *Rodríguez v. Zegarra*, 150 DPR 649 (2000). Su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo. *Íd.* Es decir, un recurso prematuro impide al tribunal

entrar en sus méritos puesto que, en tales circunstancias, se carece de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E.*, supra. Una vez el tribunal determina que no tiene jurisdicción, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, supra; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

De otra parte, en *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019), nuestro Alto Foro reiteró la importancia y los requisitos de la notificación. Así, la notificación de un dictamen judicial es un requisito con el que se debe cumplir como parte del debido proceso de ley en su vertiente procesal, de manera que el ciudadano afectado pueda enterarse de la decisión que se ha tomado en su contra. *Íd.*, a la pág. 501. Esta no solo es parte integral de una actuación judicial, sino que además determina cuando comienza a de cursar los términos para recurrir de cualquier determinación final. *Íd.*, a las págs. 501-502. Por tanto, "una notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido. [nota alcalce omitida]". *Íd.*, a la pág. 502. En consecuencia, una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa. *Íd.*

Asimismo, la Regla 65.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 65.3, dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes. Específicamente, la aludida norma señala:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los

fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o la Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

(c) ...

(d) ...

(e) ...

(f) ...

A su vez, la Regla 67.2 del mismo cuerpo de reglas establece que, "[s]iempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, **a menos que el tribunal ordene que la notificación se efectúe a la parte misma**". [Énfasis nuestro]. Además, la Regla 13 inciso (B)(1) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (B)(1), dispone que la parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.

Como es sabido, todo miembro de la profesión legal tiene el deber de "defender los intereses del cliente diligentemente", Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Por ello, una vez se acepta la representación de un cliente, un abogado no puede ni debe renunciar a ésta sin obtener antes la autorización del tribunal y tomar aquellas medidas razonables que sean necesarias para evitar se le causen perjuicios al cliente. *In re Acosta Grubb*, 119 DPR 595, 603 (1987).

Por su parte, la Regla 19 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de

Puerto Rico, 4 Ap. II-B, R. 19, sobre la renuncia de representación legal, lee como sigue:

> (a) Cuando un abogado o una abogada que haya comparecido ante un tribunal en representación de un cliente o de una clienta desee renunciar a dicha representación, deberá incluir en la solicitud que presente a esos fines **las últimas direcciones residenciales y postales**, tanto suyas como de la parte representada, y los números de teléfono correspondientes a cada cual; consignará que ha notificado a su cliente o a su clienta de su intención de renunciar a su representación; y dará cumplimiento a todo lo requerido por el Canon 20 de los de Ética Profesional, el Ap. IX de este título.
>
> (b) El Secretario o la Secretaria notificará **la resolución del tribunal de aceptación de renuncia a las direcciones que sean suministradas por el abogado o la abogada** y eliminará el nombre y la dirección del abogado o de la abogada renunciante del registro automatizado del caso.  [Énfasis nuestro]

Similarmente, respecto al procedimiento de renunciar a la representación legal de un cliente, la Regla 9.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 9.2, establece que:

> …
> [c]uando un abogado o abogada que haya comparecido ante un tribunal en representación de un(a) cliente(a) solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. El abogado o abogada expondrá las razones por las cuales debe permitirse su renuncia e **informará el número de teléfono y la dirección postal de quien represente**. Hará constar, además, que ha notificado la renuncia a su cliente(a) y que ha cumplido con las exigencias de los Cánones de Ética Profesional. El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento. [Énfasis nuestro]

### III.

Como indicáramos, el matrimonio Bosques-Casillas, Forest y Oriental Bank nos solicitan la desestimación del presente recurso. En síntesis, aducen que en la *Resolución y/o Orden* dictada el 23 de octubre de 2023 el foro apelado **relevó** de representación legal a la Lcda. Edda C. Picón Arzola, representante del matrimonio Bosques-Casillas, por lo que estos tenían que ser notificados del presente recurso a su dirección postal. Por otro lado, la apelante señaló en su oposición, que el escrito de apelación fue oportunamente notificado

electrónicamente con sus anejos a los representantes legales de las partes, incluyendo a la Lcda. Edda C. Picón Arzola. Además, arguyó como justa causa el hecho de que el referido relevo **fue autorizado en el mismo dictamen** donde se denegó la solicitud de reconsideración, por lo que dicha determinación no advino final y firme.

Luego de examinadas detenidamente las notificaciones que constan en el Apéndice del Recurso, resolvemos desestimar el recurso ante su presentación prematura.   Ello debido a que el dictamen utilizado para computar el término para acudir ante esta Curia no fue notificado adecuadamente.   Nos explicamos.

De entrada, advertimos que, a pesar de que el Lcdo. Villafañe Rivera alegó que al Sr. Herminio Bosques Medina se le notificó la *Resolución y/Orden* del 23 de octubre de 2023 a su dirección postal –ya que dicha dirección consta en la notificación del TPI–, destacamos que de igual manera dicha dirección surge en la notificación de la *Sentencia* apelada cuando éste aún contaba con representación legal.[10] Incluso, puntualizamos que desde los comienzos del pleito dicha parte ha estado representada por abogado. A su vez, del escrito solicitando la desestimación no surge cuál es la última dirección conocida del matrimonio Bosques-Casillas, ni si esta es la misma que fue informada por la Lcda. Edda C. Picón Arzola en su solicitud de relevo de representación legal.[11]

Asimismo, es menester señalar que del trámite procesal antes consignado surge que al momento en que se notificó la *Sentencia* apelada, el matrimonio Bosques-Casillas estaba representado por la Lcda. Edda C. Picón Arzola, cuya dirección electrónica consta en la notificación del TPI. Posterior a ello, esta solicitó el relevo de

---

[10] Véase, Apéndice del Recurso, Anejo 2 a la pág. 13.
[11] Destacamos que los autos originales de este pleito no se encuentran disponibles en el sistema del Sistema Unificado de Manejo y Administración de Casos (SUMAC), por lo cual no podemos constatar la dirección que esta notificara al tribunal como la dirección de sus clientes.

representación legal cuando aún estaban pendientes los términos de revisión.[12] Por lo cual, **era necesario que la *Resolución y/Orden* aceptando dicho relevo y la denegatoria a la solicitud de reconsideración fuese notificada al Sr. Herminio Bosques Medina, a la Sra. Vanessa Casillas Agosto y a la Sociedad Legal de Gananciales a la dirección informada por su representante legal**. Esto ante el hecho de que, una vez autorizada la renuncia de representación legal, desde ese mismo instante ya estos no contaban con la misma. Lo que requería que el dictamen fuese notificado a ellos directamente como codemandados en el pleito.

Por tanto, ante el hecho de que en una sola resolución se atendió la reconsideración del dictamen y el relevo de representación legal, recalcamos que se hacía indispensable que <u>**la notificación de dichos dictámenes fuera realizada a todas las partes, es decir, al Sr. Herminio Bosques Medina, a la Sra. Vanessa Casillas Agosto a la Sociedad Legal de Gananciales y a la Lcda. Picón Arzola**</u>. Al respecto, reseñamos que solo fueron notificados el señor Bosques Medina y la Lcda. Picón Arzola. Por lo que, al no existir documento alguno que acredite la notificación efectiva de la resolución a la <u>Sra. Vanessa Casillas Agosto, así como a la Sociedad Legal de Gananciales</u> y ante el cuadro confuso que presentan las notificaciones emitidas por el TPI,[13] resolvemos que la notificación del 24 de octubre de 2023 fue defectuosa y el término para acudir ante esta Curia no ha comenzado a transcurrir.

---

[12] Según surge de la *Resolución y/o Orden* del 23 de octubre de 2023, el relevo de representación legal fue solicitado el 2 de octubre, es decir, apenas seis (6) días después de notificada la *Sentencia* impugnada.

[13] *Íd.*, Anejos 2 y 9, a las págs. 13 y 75. Como bien explicamos, la *Sentencia* apelada fue notificada por el TPI al Sr. Herminio Bosques Medina a la dirección postal allí indicada, aún cuando dicha parte, en dicha fecha, contaba con representación legal. Al respecto, apuntalamos que no se nos ha puesto en condición de conocer si hubo una orden del foro primario respecto a que este dictamen fuese notificado a dicha parte por algún motivo.

En consecuencia, y conforme al ordenamiento jurídico antes reseñado, carecemos de jurisdicción para atender el presente recurso apelativo. En fin, procede su desestimación.

**IV.**

Por las razones antes expuestas, se desestima el caso ante nuestra consideración y se devuelve el mismo al Tribunal de Primera Instancia para que, una vez recibido el mandato, notifique correctamente la *Resolución y/Orden,* a todas las partes conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones
